UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>Plaintiff<br><br>v.<br><br>A. SHOOTING, et al.,<br><br>Defendants | Case No.: 3:22-cv-00297-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 28 |

Before the court is defendant Kody Holloway's motion to set aside the Clerk's default entered against him on December 20, 2022. (ECF No. 28.) Plaintiff did not oppose the motion.

For the reasons set forth below, the motion is granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court screened his first amended complaint (FAC), and allowed him to proceed with retaliation claims against defendants Ashcraft, Cornfield, Daniels, Fernandez, Fratis, Gregoire, Holloway, Meza, Rynerson, Suwe, Widmar, as well as John Does when he discovers their identity. (ECF No. 6.)

The Office of the Attorney General (OAG) accepted service for Ashcraft, Cornfield, Daniels, Fernandez, Fratis, Meza, Rynerson, Suwe, and Widmar. Service was not accepted for Gregoire or Holloway, and their last known addresses were filed under seal. (ECF Nos. 9, 10.) Summons were issued for Gregoire and Holloway, and they were served on October 4 and October 7, 2022, respectively. (ECF Nos. 13, 14, 15.) An answer was filed on behalf of Ashcraft, Cornfield, Daniels, Fernandez, Fratis, Gregoire, Meza, Rynerson, Suwe, and Widmar on

October 27, 2022. (ECF No. 16.)

On December 14, 2022, Plaintiff filed a motion requesting that default judgment be entered against Holloway because he had been served but had not filed an answer or otherwise responded to the FAC. (ECF No. 24.) Plaintiff's motion was granted to the extent the Clerk of Court was directed to enter default against Holloway; however, the court noted that default judgment was reserved for a separate motion. (ECF Nos. 25, 26.)

On December 28, 2022, Holloway filed this motion to set aside the Clerk's entry of default. (ECF No. 28.)

## II. DISCUSSION

Preliminarily, it is appropriate to grant Holloway's motion because Plaintiff did not oppose the request to set aside the Clerk's entry of default. LR 7-2(d).

Moreover, Holloway's motion sets forth good cause for setting aside the entry of default.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defendant, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

"The court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the party] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted, alteration original) (*Mesle*). "A finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*.

(citation omitted). That said, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id*. at 1089 (citations omitted).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (citations omitted).

First, insofar as culpable conduct is concerned, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citations omitted, emphasis original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfering with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id*. (citation omitted). Courts have "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id*. (citation omitted). "[S]imple carelessness" is typically not sufficient. *Id*. (citations omitted).

The OAG reached out to Holloway and received his request for representation on October 31, 2022; however, at that time, previous counsel for Defendants was out of the office on leave and the request for representation was inadvertently not included in the electronic database for this case. Thus, new counsel for Defendants was unaware of the request for representation when he took over handling of this case, and as such, he did not timely file an answer on Holloway's behalf.

*Mesle* instructs that there must be bad faith: an intention to take advantage of the opposing party, or to interfere with or manipulate the judicial process. Those circumstances are not present here. Simple carelessness or inadvertence is insufficient. The court finds that Holloway did not engage in culpable conduct that led to the entry of default.

Second, "'[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094 (citation omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id*. "'[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id*. (citation omitted). That is the subject of later litigation. *Id*.

Here, Holloway asserts that he is joining in Defendants' answer and specifically denies that he retaliated against Plaintiff or that Plaintiff was subject to excessive force under the Eighth Amendment.

The court finds Holloway's asserted defenses sufficient under the circumstances to demonstrate a meritorious defense for purposes of setting aside the entry of default.

Finally, to be prejudicial, setting aside the default must "'result in greater harm than simply delaying resolution of the case.'" *Mesle,* 615 F.3d at 1095 (citation omitted). "'[T]he standard is whether [plaintiffs'] ability to pursue [their] claim will be hindered.'" *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds,* (citing *Falk v. Allen*, 739 F.3d 461, 463 (9th Cir. 1984) (per curiam)). Merely being forced to litigate on the merits is not prejudicial. *Id*.

Plaintiff would not be prejudiced by an order setting aside default because he has not opposed the motion to set forth any purported prejudice. Moreover, this case is in its early stages and Plaintiff has plenty of time to conduct discovery and pursue his claim as to Holloway. The fact that Plaintiff does not oppose Holloway's motion, coupled with the brief amount of time that Holloway was in default, leads the court to conclude that setting aside the default would not be prejudicial to Plaintiff.

In sum, these factors, coupled with the public policy of deciding cases on their merits, weigh in favor of setting aside the Clerk's entry of default against Holloway.

### III. CONCLUSION

Holloway's motion to set aside the Clerk's entry of default (ECF No. 28) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: February 2, 2023

_____
Craig S. Denney
United States Magistrate Judge