1  AARON D. FORD
   Attorney General
2  ANDREW C. NELSON, Bar No. 15971
   Deputy Attorney General
3  State of Nevada
   100 N. Carson Street
4  Carson City, NV  89701-4717
   Tel:  (775) 684-1227
5  E-mail:  acnelson@ag.nv.gov

6  *Attorneys for Defendants*
   *Richard Ashcraft, Steven Cornfield,*
7  *Charles Daniels, Michael Fernandez,*
   *Travis Fratis, Debra Gregoire, Kody*
8  *Hollaway, Veronica Meza, Colter Rynerson,*
   *Robert Suwe, and Kirk Widmar*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | Case No. 3:22-cv-00297-ART-CSD |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS** |
| A. SHOOTING, *et al.*, | **(SECOND REQUEST)** |
| Defendants. | |

Defendants, Richard Ashcraft, Steven Cornfield, Charles Daniels, Michael Fernandez, Travis Fratis, Debra Gregoire, Kody Hollaway, Veronica Meza, Colter Rynerson, Robert Suwe, and Kirk Widmar, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Andrew C. Nelson, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully move this Court for an extension of time to file dispositive motions. This Motion is made and based upon the Federal Rule of Civil Procedure 6(b)(1)(A) and LR 26-3.

### MEMORANDUM OF POINTS AND AUTHORITES

I.  **FACTUAL ANALYSIS**

This is a *pro se* prisoner civil rights action brought by Lausteveion Johnson (Johnson) pursuant to 42 U.S.C. §1983. Johnson is no longer incarcerated with the Nevada Department of Corrections (NDOC) and is currently released on parole. Pursuant to this

Page **1**

Court's Screening Order, Johnson was allowed to proceed on three (3) First Amendment retaliation claims against Defendants Cornfield, Widmar, Ashcraft, Meza, Gregoire, Rynerson, Fernandez, Hollaway, Suwe, Fratis, Daniels, and two (2) John Doe Defendants when Johnson discovers their identify. (*See* ECF No. 6 at 10:10-20). Johnson was allowed to proceed on one (1) Eighth Amendment excessive force claim against Defendant John Doe when Johnson discovers his identity. (*Id.* at 10:21-22). This Court entered a Scheduling Order with a discovery deadline of February 27, 2023 and a dispositive motion deadline of March 29, 2023. (*See generally* ECF No. 21). Subsequently, this Court extended the dispositive motion deadline to May 29, 2023. (ECF No. 36 at 4: 8-9). Thereafter, this matter was stayed until May 22, 2023, at which time dispositive motions were due on June 2, 2023. (ECF No. 39 at 1:20-21).

## II. ARGUMENT

Defense Counsel respectfully requests a twenty-one (21) day extension of time to file their dispositive motions from the current deadline of **June 2, 2023** until **June 23, 2023**. Defendants provide the following information in accordance with Local Rule 26-3.

### A. Discovery Completed

- Defendant Richard Ashcraft's Responses to Plaintiff's Interrogatories (Set One)
- Defendant Richard Ashcraft's Responses to Request for Admissions (Set One)
- Defendant Richard Ashcraft's Responses to Plaintiff's Request for Production of Documents (Set One)
- Defendant Richard Ashcraft's Responses to Plaintiff's Request for Admissions (Set Two)
- Defendant Veronica Meza's Responses to Plaintiff's Interrogatories (Set One)
- Defendant Veronica Meza's Responses to Plaintiff's Interrogation (Set Two)
- Defendant Charles Daniel's Responses to Plaintiff's Interrogatories (Set One)
- Defendants' Initial Disclosures
- Defendants' First Supplemental Initial Disclosures

///

**B.     Discovery that Remains to be Completed.**

- None

**C.     Reasons why the Deadlines Were not Satisfied.**

Defense Counsel requests an additional twenty-one (21) days to file their dispositive motions. Defense Counsel submits that his recent and upcoming schedule and workload constitutes good cause[1] for granting an extension of time to file Defendants' Motion for Summary Judgment. Defense Counsel has a Motion for Summary Judgment due on June 2, 2023, (*Lausteveion Johnson v. Cornfield*, et. al., Case No. 3:22-cv-00108-MMD-CSD). Additionally, Defense counsel has two (2) other Motions for Summary Judgment due on Monday June 5, 2023 and June 7, 2023, in the following cases: (*Benjamin Espinosa v. William Gittere, et. al.,* Case No. 3:21-cv-0205-ART-CLB), (*Timothy J. Bohannan v. William Gittere, et. al.*, Case No. 3:21-cv-00059-MMD-CLB).

Additionally, two (2) of the Defendants in this matter are former employees of the NDOC. Given that, communication with the former employees is more difficult and this extension would allow proper communication with those two (2) Defendants in order to prepare and obtain declarations to be used as exhibits for the dispositive motion. Given that, Defense Counsel makes this request in good faith and not to cause undue delay or for any other improper purpose.

Notably, prior to the stay in this matter, Johnson reached out regarding the possibility of settling this matter. Johnson was recently released on parole and subsequently filed a Notice of Change of Address in this matter. In Plaintiff's motion, he informed the Court that he would be unable to receive any mail and/or respond to any mail during this period. (ECF No. 37 at 2). Prior to the stay, Defense counsel was unable to communicate with Plaintiff regarding the settlement proposal provided. Given that, the

///

---

[1] The Ninth Circuit provided a non-exhaustive list of valid good-cause reasons in the context of F.R.C.P. 6(b). *See Ahanchia v. Xenon Pictures, Inc.,* 624 F.3d 1253. The Ninth Circuit noted reasons such as holidays, weekends, prior commitments, previously planned trips, other occupational duties, personal and familial obligations, and the health of legal professionals. *Id.* at 1258-60.

Page 3

extension would allow the parties to communicate regarding the recent settlement proposal offered by Johnson.

        Dispositive motion deadline:                                      June 2, 2023

        Joint pretrial order (if no dispositive motions filed): July 5, 2023[2]

### D.     **Proposed Deadlines**

        Dispositive motion deadline:                                      June 23, 2023

        Joint pretrial order (if no dispositive motions filed): July 24, 2023[3]

### E.     **Good Cause Supports this Request.**

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> This Court should find good cause supports this request. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' second request is timely and will not hinder or prejudice Johnson's case. Defense Counsel needs additional time to communicate with the former NDOC employees and discuss Johnson's settlement proposal provided prior to staying this matter. Defendants assert that the requisite good cause is present to warrant the requested extension of time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Thirty (30) days after the dispositive motion deadline is Sunday July 2, 2023. That date has been adjusted accordingly, including the July 4, 2023 holiday.

[3] Thirty (30) days after the dispositive motion deadline is Sunday July 23, 2023. That date has been adjusted accordingly.

Page **4**

### III.   CONCLUSION

Therefore, Defendants respectfully request an extension to **June 23, 2023,** to file their dispositive motions.

DATED this 24th day of May, 2022.

          AARON D. FORD
          Attorney General

          By:   /s/ *Andrew C. Nelson*
                   ANDREW C. NELSON, Bar No. 15971
                   Deputy Attorney General

          *Attorneys for Defendants*

There shall be no further extensions granted barring unforeseen and extenuating circumstances.

IT IS SO ORDERED.

DATED:  May 24, 2023.

_____
UNITED STATES MAGISTRATE JUDGE