**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE LAUSTEVEION JOHNSON CASES | 2:17-cv-01121-APG-EJY<br>2:17-cv-01671-APG-EJY<br>2:17-cv-02304-RFB-BNW<br>2:19-cv-00232-MMD-DJA<br>2:20-cv-01832-ART-NJK<br>2:21-cv-01925-GMN-EJY<br>2:21-cv-02151-CDS-VCF<br>3:21-cv-00239-MMD-CLB<br>3:21-cv-00330-CSD<br>3:21-cv-00403-RCJ-CSD<br>3:21-cv-00454-ART-CLB<br>3:22-cv-00030-MMD-CSD<br>3:22-cv-00044-RCJ-CLB<br>3:22-cv-00072-RCJ-CLB<br>3:22-cv-00081-ART-CLB<br>3:22-cv-00095-ART-CSD<br>3:22-cv-00108-MMD-CSD<br>3:22-cv-00278-ART-CLB<br>3:22-cv-00285-ART-CSD<br>3:22-cv-00290-CSD<br>3:22-cv-00297-ART-CSD<br>3:22-cv-00424-ART-CLB |

**ORDER SCHEDULING VIRTUAL GLOBAL SETTLEMENT CONFERENCE**

A global settlement conference utilizing Zoom video conferencing technology is scheduled to commence on **Thursday, October 5, 2023**, at **9:00 a.m.** before United States Magistrate Judge Carla Baldwin. The court will send an email containing information required to join the Zoom video conference prior to the hearing date. Consideration of settlement is a serious matter that requires thorough preparation prior to the virtual settlement conference. Accordingly, IT IS HEREBY ORDERED that:

I.      ATTENDANCE REQUIREMENTS

The attorneys who will try the case, the parties, and the person or persons who have full authority to negotiate and settle the case, on any terms, must personally attend the virtual settlement conference and are required to be present on the video for the entirety of the conference without exception. This requires the presence of the attorney's client, or if a corporate, governmental, or other organizational entity, an authorized

representative of the client.[1]   For a defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, <u>in the representative's own discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is <u>absolutely required</u>.

If an insurance company is a party or is contractually required to defend or to pay damages, they must also have a fully authorized settlement representative present for the entirety of the video settlement conference. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.[2]

Any exceptions to the above attendance requirements must be requested by a motion to the court no later than one-week prior to the scheduled virtual settlement conference.

Counsel appearing for the virtual settlement conference without their client, client representatives, or insurance company representatives, as described above, will cause the settlement conference to be canceled or rescheduled.  The non-complying party, attorney or both may be assessed the costs and expenses incurred by other parties and the court due to the cancellation, as well as any additional sanctions the court deems appropriate.

II.   <u>SETTLEMENT CONFERENCE STATEMENT</u>

---

[1] In the case of the Nevada Department of Corrections, a representative with a rank of Deputy Director or higher must attend the settlement conference.

[2]   Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

No later than five (5) court days prior to the virtual settlement conference, the parties must submit a confidential settlement conference statement directly to Judge Baldwin's chambers. The purpose of the settlement conference statement is to assist the court in preparing for and conducting the virtual settlement conference. The settlement conference statement shall not exceed ten (10) pages and must be typed and double spaced.[3] The settlement conference statement must contain the following:

1.      A brief statement of the core and primary facts, claims, and defenses;

2.      A brief discussion of the strengths and weaknesses of the case;

3.      An estimate of the cost and time to be expended on further pretrial and trial matters should the case not settle;

4.      An outline of past settlement efforts, including a summary of the past settlement discussions, offers, and demands exchanged by the parties;

5.      The settlement proposal that you believe would be fair; and,

6.      The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation.

The settlement conference statements must be mailed to Judge Baldwin's Chambers at 400 S. Virginia St., Room No. 404, Reno, Nevada 89501.  The settlement conference statements are due by no later than **4:00 p.m.** on **Thursday, September 28, 2023**.  DO NOT DELIVER OR MAIL THEM TO THE CLERK'S OFFICE; DO NOT SERVE A COPY ON OPPOSING COUNSEL. The confidentiality of each statement will be strictly maintained in Judge Baldwin's chambers.  Following the conference, the settlement conference statements will be destroyed.

III.    <u>ISSUES TO BE DISCUSSED</u>

---

[3]      This page limitation is inclusive of legal citations, footnotes and endnotes. The parties may attach as exhibits only those documents which are necessary and relevant to the key factual and legal issues in the case, including selected pages from deposition transcripts or responses to other discovery requests.

The parties shall be prepared to discuss the following at the virtual settlement conference:

1.     Their goals in the litigation and any problems they would like to address in the settlement conference and their understanding of the opposing side's goals;

2.     Any issues (in and outside the lawsuit) that need to be resolved in order for a settlement to be reached;

3.     The strengths and weaknesses of their case;

4.     Their understanding of the opposing side's view of the case;

5.     Their points of agreement and disagreement (factual and legal);

6.     Any financial, emotional, and/or legal impediments to settlement; and,

7.     Any suggestions or possibilities for a creative resolution of the dispute.

DATED this 14th day of September, 2023.

_____
CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE